**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LISA AUDIT,

      Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

      Defendants.

Case No.: 1:26-cv-01833

Judge Jeffrey I. Cummings

Magistrate Judge Jeannice W. Appenteng

**DECLARATION OF KEITH A. VOGT IN SUPPORT OF PLAINTIFF'S**
**EX PARTE MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER**

I, Keith A. Vogt, declare as follows:

1.    I am an attorney at law, duly admitted to practice before the courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am counsel for Plaintiff, Lisa Audit ("Audit" or "Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows.

2.    I submit this Declaration to authenticate and describe the results of the pre-suit investigation conducted in this matter, the completed purchases made from each Defendant, and Plaintiff's copyright registrations.

3.    Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine or authorized products. Each Defendant operates as a third-party seller on the Amazon.com online marketplace and transacts with the public exclusively through electronic means.

1

4. Defendants go to great lengths to conceal their identities and often use fictitious names and addresses to register and operate their Amazon seller accounts. Upon information and belief, Defendants regularly create new online marketplace accounts using the identities listed in Second Amended Schedule A [16], as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by online infringers to conceal their identities and avoid being shut down.

5. There are similarities among the Defendant Internet Stores. Many of the Defendant listings offer consumer products, including wall art, home décor, and other household goods, bearing infringing reproductions of Plaintiff's illustrations. These similarities suggest that the products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

6. As part of the investigation, an actual completed purchase of an infringing product was made from each of the ten Defendant Internet Stores identified in Second Amended Schedule A [16]. Each purchase was made through the Defendant's Amazon storefront, was paid for, and was placed for shipment to a customer address in the State of Illinois. True and correct records of these completed purchases, including the order numbers and amounts paid, are compiled in the sealed Exhibit 1 [18] filed in support of Plaintiff's Response [17] and were credited by this Court in its June 26, 2026 Order [22].

7. The ten completed purchases are summarized below:

| No. | Seller Alias (Defendant) | Order Number | Total Cost |
|---|---|---|---|
| 1 | 柜贤子塑品 | 114-5970359-4662639 | $17.97 |
| 2 | dawencdtoi | 112-9272047-9177807 | $30.38 |
| 3 | STARNF | 112-2537876-5195465 | $20.41 |
| 4 | TaiYuanXiShuo | 114-0313524-8785002 | $55.11 |
| 5 | LONGNHAT1102 | 114-5855557-6773852 | $50.58 |
| 6 | Nguyenleduyanh | 114-2527243-7347439 | $50.08 |
| 7 | Privalace US | 112-4452910-9213052 | $13.79 |
| 8 | DADOURL | 112-5116755-2169809 | $24.24 |
| 9 | ZLPhome | 114-7773990-0237838 | $54.01 |

| 10 | hubeizihongyinwuyouxian | 112-2664756-8490646 | $12.57 |
|---|---|---|---|

8. Each Defendant listed above sold and shipped, or stood ready to ship, its infringing product to a customer in Illinois. These are the completed purchases that this Court credited in its June 26, 2026 Order [22], which found that "plaintiff has presented evidence of completed purchases of the allegedly infringing products to customers in Illinois as to each defendant listed in Second Amended Schedule A."

9. Past investigation of the Defendant online marketplace accounts also reveals that Defendants appear to have provided incomplete or unreliable physical-address information to the Amazon marketplace through which they operate. Notwithstanding the unreliability of the physical-address information, each Defendant, as an operating online marketplace seller, must maintain an operative electronic-mail account and electronic communication channel to receive order notifications and customer messages, to receive platform communications from the Amazon marketplace on which it operates, and to manage its seller account and receive payment. Because Defendants operate entirely online and transact with the public exclusively by electronic means, electronic notice sent to the e-mail addresses associated with the Defendant Internet Stores is a reliable method by which Defendants may be apprised of these proceedings.

10. Each of the accused products sold by the Defendants uses, or is derived from, the distinctive creative content protected by the registered work titled "Under the Sun I," United States Copyright Registration No. VA 2-420-419 (the "Subject Work"). The Subject Work is the work identified in Plaintiff's pre-suit investigation as the work copied by the accused products, and it is the work to which this Motion is directed. Plaintiff is also the owner of fourteen additional United States copyright registrations, identified in the Complaint [1] at ¶ 5 and attached as Exhibit 1 thereto (together with the

3

Subject Work, the "Lisa Audit Works"). True and correct copies of the registration certificate for the Subject Work and the additional registrations are attached to the Complaint as Exhibit 1. Complaint [1] at ¶ 5. Plaintiff has not licensed or authorized any Defendant to use the Subject Work, and none of the Defendants is an authorized retailer of genuine products bearing the Subject Work.

11. By the accompanying Ex Parte Motion, Plaintiff seeks a temporary restraining order, a temporary asset restraint, expedited discovery, and leave to provide notice of further proceedings by electronic means under Rule 65(a)(1). Plaintiff does not by that Motion seek an order authorizing formal service of process under Rule 4(f)(3), and reserves any such request for a later motion that will present the specific, per-defendant address-diligence showing described in the Court's June 26, 2026 Order [22].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 12, 2026.

*/s/ Keith A. Vogt*
Keith A. Vogt
*Counsel for Plaintiff*

4